IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF NORTH BAY CONSTRUCTION, INC., and NORTH BAY CONSTRUCTION, INC., an Ohio Corporation, 25800 First Street, Ste. 1 Westlake, OH 44145, | ) ) ) ) ) ) ) | CASE NO.: JUDGE |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| VETERANS CONTRACTING, INC. 13995 Enterprise Avenue Cleveland, OH 44123, | ) ) ) ) | **COMPLAINT** |
| And | ) ) | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, 231 Saint Asaphs Road One Bala Plaza, Suite 100 Bala Cynwyd, PA 19004, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

1. This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

**VENUE**

2. The contract at issue was performed and executed in Cuyahoga County and in Ohio. Venue therefore lies in the United States District Court for the Northern District of Ohio pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

1

## INTRADISTRICT ASSIGNMENT

3. Assignment in the Cleveland division of the United States District Court for the Northern District of Ohio is proper pursuant to the Civil Local Rules because a substantial part of the events giving rise to the claims alleged occurred in Cleveland, Ohio.

## PARTIES

4. Plaintiff North Bay Construction, Inc. ("NBC") is an Ohio corporation, organized and existing under the laws of the State of Ohio, with its principal place of business in Westlake, Ohio.

5. Defendant Veterans Contracting, Inc. ("VCI.") is an Ohio corporation, organized and existing under the laws of the State of Ohio, with is principal place of business in Cleveland, Ohio.

6. Defendant Philadelphia Indemnity Insurance Company ("Philadelphia Surety"), is believed to be a Pennsylvania corporation, organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Bala Cynwyd, Pennsylvania.

## STATEMENT OF FACTS

7. Defendant VCI contracted with the National Aeronautics and Space Administration ("NASA"), on the federal project known as the "Building 351 Addition", Project Number NNC14CA23C (hereinafter "Prime Contract"). The Prime Contract included the supply and installation of mechanical, which required VCI to install, piping. The Project was located at the NASA Glenn Research Center.

8. On September 12, 2014, VCI obtained a Miller Act payment bond (hereinafter the "Bond") from defendant Philadelphia Surety in the amount of $5,298,500.00, as required by NASA. In the Bond, Philadelphia Surety agreed to be bound jointly and severally with VCI to

make payment to all persons having a direct contractual relationship with VCI or to any subcontractor of VCI who furnished labor, material or both in the prosecution of the work provided for in the Prime Contract, in the event that VCI failed to make prompt payment to such persons. A copy of the bond is attached hereto as **Exhibit A**.

9. On or about March 16, 2015, VCI contracted with Plaintiff NBC (hereinafter the "Subcontract") to furnish labor, materials, equipment and other facilities required to complete certain mechanical piping required by the Prime Contract and specifications. A copy of said subcontract is attached hereto as **Exhibit B**. The base amount of the Subcontract was $441,150.00.

10. VCI agreed to pay NBC for work performed and to pay NBC interest on amounts due and outstanding after that time.

11. NBC completed its work, all of which work was furnished in the prosecution the Subcontract and the work provided for in the Prime Contract and specifications.

12. VCI has failed to pay NBC $63,058.46 due under the Subcontract, and more than 90 days have passed since its failure to pay.

13. NBC is owed a total of $63,058.46 pursuant to the terms of the Subcontract, plus its attorney fees and 18.00% interest per annum.

14. NBC has timely submitted a claim and demand for payment to Philadelphia Surety under the Bond, but Philadelphia Surety has failed to pay NBC the amount due.

**FIRST CLAIM**
(BREACH OF CONTRACT)

15. Plaintiff repeats and realleges paragraph 1 through 14 above as though fully set forth in this claim.

16. Plaintiff has performed all of its obligations under the Subcontract and under the Bond.

17. VCI has breached the Subcontract in that it has failed and refused to pay Plaintiff in full for labor, services and materials furnished in the prosecution of the work provided for in the Prime Contract and pursuant to the Subcontract.

18. As a direct and proximate result of VCI's breach of contract, Plaintiff has suffered damages, and is owed the principal sum of $63,058.46, plus interest and attorney fees.

## SECOND CLAIM
### (QUANTUM MERUIT)

19. Plaintiff repeats and realleges paragraph 1 through 18 above as though fully set forth in this claim.

20. Plaintiff provided valuable labor, services and materials that were necessary for VCI to perform and complete its obligations under the Prime Contract.

21. VCI benefited from Plaintiff's labor, services and materials, including but not limited to the fact that VCI could not have fully performed and completed its obligations under the Prime Contract in the absence of the labor, services and materials that Plaintiff provided.

22. VCI has failed and refused to pay Plaintiff for the labor, services and materials referenced herein.

23. Plaintiff has suffered damages and VCI has been unjustly enriched as a result of VCI's failure to pay Plaintiff for the labor, materials and services provided by Plaintiff, in the principal sum of $63,058.46, plus interest and attorney fees.

## THIRD CLAIM
### (OHIO PROMPT PAY)

24. Plaintiff repeats and realleges paragraph 1 through 23 above as though fully set forth in this claim.

25. VCI has been paid by the Project Owner for the goods and services provided by

NCB.

26. Defendant VCI has not in turn, made payment to NCB.

27. Defendant VCI has violated Ohio's Prompt Pay requirements, and in addition to the sums set forth ($63,058.46) herein is liable to Plaintiff for: (a) interest at the rate of 18.00% per annum; and (b) all attorney fees incurred by NCB herein.

## FOURTH CLAIM
(MILLER ACT PAYMENT BOND)

28. Plaintiff repeats and realleges paragraph 1 through 27 above as though fully set forth in this claim.

29. Philadelphia Surety is obligated, pursuant to the Bond, to pay NBC for the labor, materials and services it furnished in the prosecution of the work provided for in the Subcontract, and for which VCI failed to make payment.

30. All required notices, demands, if any, and all required time frames which are and prerequisite to bringing this lawsuit, have been satisfied.

31. Philadelphia Surety has failed to fulfill its obligation under the Bond to pay Plaintiff for labor, materials and services furnished in the prosecution of the work provided for in the Subcontract, and for which VCI failed to make payment.

32. Plaintiff is entitled to payment from Philadelphia Surety pursuant to the Miller Act, 40 U.S.C. § 3133 and the Bond.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to the foregoing, Plaintiff prays for judgment in its favor, and against Defendants, jointly and severally, for:

1. Damages in the principal amount of $63,058.46;

2. Costs of suit incurred herein;

3. Interest at the rate of 18.00% per annum;

4. Attorney's fees incurred herein; and

5. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/*Mark F. Kruse*
MARK F. KRUSE (0029989)
MKruse@westonhurd.com
SCOTT J. ORILLE (0069192)
SOrille@westonhurd.com
**Weston Hurd LLP**
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, Ohio 44114-1862
Telephone: 216.241.3223
Fax: 216.621.8369
**Attorneys for Plaintiff**